# EXHIBIT 1

Michael K. Fortunato (#037542010)
**BRANDON J. BRODERICK, LLC**
65 State Route 4, East
River Edge, NJ 07661
(973) 750-0862
*Attorneys for Plaintiff,*
*Tracy Murphy*

| | | |
|---|---|---|
| TRACY MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>VETERINARY INNOVATIVE PARTNERS NJ, LLC, JENNIFER SORG, and JENNIFER WYMAN,<br><br>Defendants. | : : : : : : : : : : : : : : | SUPERIOR COURT OF NEW JERSEY<br>SUSSEX COUNTY<br><br>LAW DIVISION<br><br>DOCKET NO.<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Tracy Murphy (hereinafter "Plaintiff"), through the undersigned counsel, Brandon J. Broderick, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants Veterinary Innovative Partners, Jennifer Sorg, and Jennifer Wyman (collectively "Defendants"), and alleges as follows:

## FACTS

### A. Jurisdiction and Venue

1. Plaintiff resides in Orange County, New York.

2. Defendant Veterinary Innovative Partners NJ, LLC is a limited liability company which conducts business in Newton, New Jersey, where it employed Plaintiff.

3. Defendant Sorg is, upon information and belief, a resident of New Jersey. At all relevant times, Sorg was Plaintiff's supervisor and had the authority to set the terms and conditions of her employment.

4. Defendant Wyman is, upon information and belief, a resident of New Jersey. At all relevant times, Wyman was Plaintiff's supervisor and had the authority to set the terms and conditions of her employment.

**B. Plaintiff's Employment with Defendants.**

5. Defendant employed Plaintiff at Newton Veterinary Hospital.

6. Plaintiff began her employment at Newton Veterinary Hospital in February 2012, under prior ownership.

7. Since the beginning of her employment, Plaintiff has been promoted multiple times and has been a strong performer with a high record of professional achievement.

8. In or about 2022, Newton Veterinary Hospital and its associated facilities were acquired by Defendant.

9. At the time of her termination by Defendant in July 2025, Plaintiff held the title of Client Services Manager.

10. Plaintiff was responsible for supervising front desk staff, managing client scheduling and communications, handling social media engagement and outreach, and overseeing coverage and personnel for the facility.

11. On or about June 9, 2025, Plaintiff informed her supervisor, Defendant Sorg, that she was pregnant.

12. A few days later, Plaintiff also informed Defendant Wyman of her pregnancy.

13. Prior to disclosing her pregnancy, Plaintiff had never received any disciplinary warnings or negative performance reviews.

14. Plaintiff advised Sorg and Wyman that she intended to work for as long as possible before taking maternity leave.

15. Plaintiff advised Sorg that she would return to work after her maternity leave.

16. Sorg replied with words to the effect of: "You do not know that."

17. On or around June 15, 2025, within one week of disclosing her pregnancy, Plaintiff was issued a written warning for alleged "carelessness" in scheduling.

18. Defendants falsely accused Plaintiff of failing to arrange appropriate Sunday coverage despite her documented efforts to do so and after Sorg had previously agreed to cover part of the shift.

19. Sorg then questioned whether Plaintiff "needed to take a step back with everything going on."

20. Sorg then referenced Plaintiff's pregnancy and suggested that she could not manage her workload.

21. After learning she was pregnant, Defendants began scrutinizing Plaintiff's performance in ways they had not before and reassigned tasks that were previously entrusted to her.

22. On or about July 23, 2025, six weeks after disclosing her pregnancy, Plaintiff was summoned to a meeting with Sorg and Wyman

23. At this meeting, Defendants abruptly terminated Plaintiff.

24. Defendants told Plaintiff the termination was due to "recent events."

25. Defendants cited the referenced scheduling "dispute," three days of PTO used by Plaintiff which had been fully covered by another department lead (as Defendant Sorg had instructed), and a purported complaint from a subordinate.

26. Defendants refused to provide documentation of any complaint against her and made no effort to investigate or resolve the alleged concerns informally or in writing, as had been the practice over Plaintiff's 12-year tenure.

27. The reasons given for Plaintiff's termination are pretextual

28. The decision to terminate Plaintiff was motivated in whole or in part by Defendants' desire to avoid accommodating her pregnancy and maternity leave.

## COUNT I

### LAD Pregnancy Discrimination – Defendant VIP

13. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

14. Plaintiff is or was pregnant.

15. At all times, Plaintiff performed at a level that met Defendant's legitimate expectations.

16. Defendant's termination of Plaintiff constitutes an adverse employment action.

17. Defendant subjected Plaintiff to an adverse employment action based on her pregnancy.

18. Defendant's actions constitute discrimination based on pregnancy, which violates the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

19. Defendant's conduct was especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

20. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

**COUNT II**

**LAD Retaliation – Defendant VIP**

21. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

22. At all times, Plaintiff performed at a level that met Defendant's legitimate expectations.

23. Plaintiff exercised rights under the New Jersey Law Against Discrimination.

24. After exercising those rights, Defendant retaliated against Plaintiff through termination.

25. Defendant's termination of Plaintiff constitutes an adverse employment action.

26. Defendant's conduct was especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

27. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

**COUNT III**

**LAD Aiding and Abetting – Defendants Sorg and Wyman**

28. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

29. Defendants Sorg and Wyman served as Plaintiff's direct supervisors during the above conduct against Plaintiff.

30. Defendants Sorg and Wyman knowingly provided substantial assistance and/or

encouragement to the violations of the Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*.

31. Defendants Sorg and Wyman are liable for aiding and abetting the unlawful discrimination in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(e).

32. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: lost back pay, lost front pay, emotional distress, embarrassment, humiliation, and other damages.

**DEMAND FOR A TRIAL BY JURY**

Plaintiff hereby demands trial by jury as to all issues in the above matter.

**DESIGNATION OF TRIAL COUNSEL**

Michael K. Fortunato is hereby designated as trial counsel pursuant to *R*. 4:25-4.

**CERTIFICATION PURSUANT TO R. *4*:5-1**

I certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated. To Plaintiffs' knowledge no other party should be joined in this action.

Dated: January 10, 2026

**BRANDON J. BRODERICK, LLC**

*/s/ Michael K. Fortunato*
Michael K. Fortunato, Esq.
*Attorneys for Plaintiff*

# Civil Case Information Statement

## Case Details: SUSSEX | Civil Part Docket# L-000018-26

**Case Caption:** MURPHY TRACY VS VETERINARY INNOVATIV E PARTNER
**Case Initiation Date:** 01/12/2026
**Attorney Name:** MICHAEL K FORTUNATO
**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC
**Address:** 65 EAST ROUTE 4 1ST FL SUITE 1
RIVER EDGE NJ 07661
**Phone:** 2018531505
**Name of Party:** PLAINTIFF : Tracy Murphy
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Tracy Murphy? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/12/2026
Dated

/s/ MICHAEL K FORTUNATO
Signed